IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKY W., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:26-cv-2464-BT |
| | § | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ricky W.[1] seeks to bring this lawsuit without paying the required filing fee. *See* IFP Mot. (ECF No. 3).

This Court may authorize a person to proceed *in forma pauperis* (IFP)—that is, without the prepayment of fees—when it determines the person cannot afford the fee. 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant to determine whether the payment of fees would "cause undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making the IFP determination, "the Court may consider the total monetary resources available to assist Plaintiff, and 'it is appropriate to consider a spouse's

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018, Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

income.'" *Bruton v. Colvin*, 2014 WL 840993, at *1 (N.D. Tex. Mar. 4, 2014) (McBryde, J.); *Andrea F. v. Comm'r Soc. Sec.*, 2022 WL 20210188, at *1 (N.D. Tex. Dec. 8, 2022) (Parker, J.). The Court may also require a plaintiff to complete a financial affidavit in support of a motion to proceed IFP. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 439–40 (5th Cir. 2016).

Here Plaintiff's affidavit indicates he and his spouse have a gross monthly income of $5,200.00–$6,500.00 per month. *See* ECF No. 3. The affidavit also indicates that Plaintiff and his spouse have $4,300.00 in a checking account. *See id.* Plaintiff claims two dependents—his 24-year-old son and 34-year-old daughter—and $6,357.00 in monthly household expenses.[2] *See id.*

Based on the information provided, the Court cannot conclude that payment of the $405.00 filing fee would cause Plaintiff undue financial hardship. Plaintiff's household income places him well above the federal poverty threshold for a four-person household in Texas. *See* OFFICE OF THE ASSISTANT SECRETARY FOR PLANNING AND EVALUATION, *HHS Poverty Guidelines for 2026*, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty guidelines (last visited July 30, 2026). And Plaintiff's bank account contains almost ten times the required fee.

Thus, the Court **DENIES** Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 3) and **ORDERS** Plaintiff to pay the $405.00 filing fee to the

[2] Plaintiff's affidavit includes a duplicative homeowner's insurance expense of $2,200.00. Thus, Plaintiff household expenses equal $6,357.00.

Clerk of **Court within fourteen days of the date of this Order**. Failure to comply with this Order may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**SO ORDERD**.

August 3, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE